# CHARLESTON.

H. M. JACKSON *v.* GRANGE MUTUAL FIRE INSURANCE COMPANY

(No. 6468)

Submitted April 23, 1929.   Decided April 30, 1929.

*Young & McWhorter,* for plaintiff in error.
*J. M. N. Downes,* for defendant in error.

LIVELY, JUDGE:

This is an action by H. M. Jackson seeking recovery on a policy issued by the Grange Mutual Fire Insurance Company. Judgment was rendered in favor of the plaintiff in the sum of $1,125.66, and this writ followed.

It appears from the agreed statement of facts upon which the case was submitted to the trial court in lieu of a jury, that the defendant, a farmers' mutual fire insurance company, on September 23, 1922, issued a $3,000.00 policy to the plaintiff, $2,000.00 of which applied to a barn and $1,000.00 to personal property contained therein; that a gross premium of $15.00 covering both items of insurance was paid by plaintiff, and that the policy was renewed annually by the payment of the gross premiums up to and including the date of the destruction of the property by fire, November 17, 1926; that before August 24, 1926, the defendant's liability as to the barn was reduced to $1,500.00; that on the date last men-

tioned the plaintiff secured an additional policy on the barn for $1,000.00 in another company; that the constitution and by-laws of the defendant contain the following provision: "Any member taking additional insurance on property insured by this company, without first securing the consent of the executive committee through the secretary, vitiates the policy issued by this company, from the time such additional insurance policy was issued on the property." The consent of the defendant to additonal insurance had not been obtained by the plaintiff. A copy of defendant's by-laws was not attached to or printed on the policy issued to the plaintiff.

The trial court took the view that the condition respecting additional insurance avoiding the policy, affected only the first item, namely, the *barn,* and held that plaintiff was entitled to recover the insurance on the personal property. The defendant contends that the court erred in so holding.

There are a number of rules for determining the divisibility of an insurance contract covering two or more items of property. 14 R. C. L., section 114, page 939. The weight of authority, and sound reason, supports the rule that where the different classes or items of property, separately valued, are so situated in respect to each other that the risk is common to all, then the breach of a condition increasing the risk as to one works a forfeiture of the entire policy. *Bond* v. *Insurance Company,* 83 W. Va. 105; 3 Cooley's Briefs on Insurance, (2nd Ed.), p. 2996; 26 C. J., section 349, p. 277; *Mortt* v. *Liverpool & London & Globe Insurance Company,* 133 S. E. (N. C.), 337. According to the agreed statement of facts all the property covered by the policy was exposed to the same risk and was destroyed by the same fire. The trial court erred in holding that the contract of insurance was not vitiated in entirety.

The plaintiff cross-assigns as error the trial court's action in refusing to permit a recovery for the insurance on the barn. It is maintained that the condition relating to the securing of additional insurance could not affect the right of the plaintiff to recover because it was not made a part of the policy as required by section 69, chapter 34 of the Code of 1923, providing that "in all policies of insurance issued

against loss by fire, made by companies chartered or doing business in this state, no condition shall be valid unless stated in the body of the policy or attached thereto.''

Section 69, chapter 34, was enacted by the Legislature in 1907. In 1908, chapter 55 of the Code relating to unincorporated, non-stock associations, including mutual fire insurances, was amended and re-enacted, in so far as it related to the organization and operation of farmers' mutual co-operative insurance companies and fraternal beneficiary societies. Section 18 of the act provided that ''the insurance contracts of all such companies (farmers' mutual fire insurance companies) shall be made to conform to the provisions of this chapter and shall consist of the policy proper, constitution and by-laws of the company, all endorsements made on or attached to or incorporated in the insurance contract, and any premium note or other obligation given by a member, all of which shall be binding on the insured as long as he remains a member or policy holder of the company.'' In 1923, the Legislature repealed section 69 of chapter 34 of the Code, and provided a standard form of fire insurance policy, especially exempting farmers' mutual fire insurance companies from the operation of the newly enacted section.

The contention of the plaintiff regarding the application of section 69, chapter 34 of the Code of 1923, to the policy in question, is untenable, in view of the subsequent legislation relative to farmers' mutual fire insurance contracts. *Easter* v. *Brotherhood of American Yeomen*, 157 S. W. (Mo.) 992. At the date of its passage in 1907, section 69, incorporated in the general insurance law of chapter 34, Code, 1923, may have included within its scope policies issued by farmers' mutual fire insurance companies, but the Legislature in amending and re-enacting chapter 55 of the Code in 1908 specifically provided that the contract of the farmers' mutual fire insurance company should consist of the policy proper, constitution and by-laws of the company, all endorsements made on or attached to the policy, such parts of the application as are attached to or incorporated in the insurance contract, and any premium note or other policy obligation given by a

member. Under this section a condition contained in the by-laws is as binding as if it were included in the policy itself, for the by-laws are, by this provision, made a part of the insurance contract. By this special subsequent enactment with reference to farmers' mutual fire insurance companies, the Legislature, recognizing the purpose and peculiar organization of such companies, intended, in the formation of the policy contract, to take them out of the operation of this section applicable to fire insurance contracts in general. "Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special will prevail over the general statute. Where the special statute is later, it will be regarded as an exception to, or qualification of, the prior general one * * *." 36 Cyc. 1151. This construction of the effect to be given section 18, chapter 32, acts of 1908, is strengthened by the legislative enactment of chapter 18, acts 1923, which specifically exempts farmers' mutual fire insurance companies from the operation of the policy contract set out in the statute as amended. 36 Cyc. 1149.

Reliance is had by the plaintiff upon *Shinn* v. *Insurance Company,* 104 W. Va. 353, in which it was held that section 40a, chapter 34 of the Code, making all insurance companies doing business in this state liable for the whole of the amount of insurance on real estate in the policy of insurance where the property was totally destroyed by fire or otherwise, applies to mutual companies organized under chapter 55, Code. It may be that certain provisions of the general fire insurance law, including that pertaining to the "valued policy law", are applicable to farmers' mutual fire insurance companies, where the Legislature has not expressed a contrary intent. But in the instant case the Legislature by the subsequent enactment of section 18, chapter 32, acts 1908 (section 18, chapter 55, Code), indicated an intent that section 69, chapter

77, acts 1907 (section 69, chapter 34, Code, 1923), should not thereafter be applicable to contracts made by farmers' mutual fire insurance companies.

The judgment of the trial court will be reversed, and judgment entered here for the defendant.

*Reversed and remanded.*